UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JASON PERRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:20-cv-00155-JPH-MJD |
| | ) |
| RICHARD BROWN, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Jason Perry's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case WVS 19-11-0016. For the reasons explained in this Entry, Mr. Perry's petition is **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B. Disciplinary Proceeding**

On November 14, 2019, Case Worker J. Porter wrote a Report of Conduct charging Mr. Perry with a violation of code B-213, threatening:

> On 11-14-2019 at approximately 12:57 pm, I, CCW4 J. Porter, was threatened by offender Perry, Jason #138925 while passing back his law library materials. He stated, 'I will throw shit on you.' after I had started walking off the range once he became agitated and started yelling at me. This incident occurred at cellfront where offender Perry resides, SCU A-1201.

Dkt. 6-1.

Mr. Perry received a Notice of Disciplinary Hearing Screening Report notifying him of the charge on November 19, 2019. Dkt. 6-2. He pled not guilty, requested a lay advocate, and wished to call three inmates and Sgt. Drada as witnesses. *Id.* Mr. Perry expected testimony from the inmate witnesses stating that he did not threaten anyone. *Id.* Mr. Perry wanted to call Sgt. Drada to testify that he asked for him to get the receipt he had in his cell for the law library. *Id.* He also requested the video evidence of the incident. *Id.*

A video summary of the incident was prepared on December 11, 2019:

> 12:48:51pm-time on video-Case Worker Porter is at cell 1201 in SCU A West 1200 range. CW Porter opens the cuff port places papers on the cuff port and walks away going upstairs to upper range
>
> 12:53:44pm-CW Porter exits the range
>
> 12:53:51pm-CW Porter enters the range goes to cell A1201 and appears to be having a conversation with Offender Perry, Jason 138925, who was assigned to that cell at that time.
>
> 12:55:37pm-CW Porter places her hand in the air palm facing the cell as if to say stop, then walks away exiting the range

Dkt. 6-6.

The inmate witnesses did not provide much additional support regarding the incident. Offender Osborne stated he had his earbuds in when it happened. Dkt. 6-7. Offender Parker stated

2

he did not hear anything and did not know anything about any confrontation. *Id.* Offender Honeycutt stated he was asleep. *Id.*

Sgt Drada provided a statement:

I Sgt. E. Drada, SCU 40, on 11-14-19 at approx. 1:05pm was called to offender Perry, Jason #138925 cell A1201 was holding documents on his cuff port and yelling at me, demanding that I Sgt. E. Drada read his document that he had laid out on cuff port. I Sgt. E. Drada order Perry to retrieve documents from his cuff port, and offender complied. And the cuff port was secured at A1201 cell.

*Id.*

A disciplinary hearing was held on December 17, 2019, and Mr. Perry stated that there were "two crime scenes," conflicting statements, and that the video summary supported his innocence. Dkt. 6-5. The disciplinary hearing officer ("DHO") considered the staff reports, Mr. Perry's statement, evidence from witnesses, and the video. *Id.* The DHO "believe[d] [conduct report] to be true and accurate" and found Mr. Perry guilty. *Id.* His sanctions included deprivation of 90 days' earned credit time and a demotion of one credit class that had been suspended in another disciplinary matter. *Id.*

Mr. Perry appealed to the Facility Head and the IDOC Final Reviewing Authority, but neither appeal was successful. Dkt. 6-8; dkt. 6-9. He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1.

### C. Analysis

Mr. Perry raises the following grounds in his petition: (1) there are inconsistencies between the conduct report and the video evidence in terms of the time and location of the incident; (2) the DHO was partial and wrongfully assumed that the video, which contained no audio, showed him engaging in threatening conduct; and (3) he lost all his privileges when he was moved to a "camera cell" in administrative restrictive status housing range prior to his hearing against state policy. Dkt.

1 at 3. Mr. Perry contends that being placed in a camera cell reserved for actual assault prisoners allowed staff to see him as guilty before his hearing. *Id.*

The Court notes that in Mr. Perry's reply, his notice of additional authority, and his motion to supplement reply, he raises new arguments including that his statement was not considered and that the DHO acted as a prosecutor by preparing the video summary and a timeline of events. Dkt. 12; dkt. 18; dkt. 19. The Court does not address these issues because they are new arguments raised for the first time in a reply. *Darif v. Holder*, 739 F.3d 329, 336 (7th Cir. 2014).

### 1. Conflicting evidence and conduct report

Mr. Perry states that the conduct report lists the time of the incident as 12:57 pm but the video summary shows a range of time between 12:48 pm and 12:55 pm. Dkt. 1 at 3. Mr. Perry additionally argues that Case Worker Porter wrote that he threatened her as she was walking off the range and then indicates that the incident occurred at cellfront. *Id.*; dkt. 12 at 3. Mr. Perry classifies these differences as "major contradictions" of the evidence. Dkt. 12 at 2.

The Court has reviewed the *ex parte* filing of the video at docket 10 and finds that the DHO's summary is accurate in showing that Ms. Porter placed Mr. Perry's papers on the cuff port, went upstairs to the upper range, appeared to have a conversation with Mr. Perry at his assigned cell, and raised her hand in the air "palm facing the cell" before exiting the range. Dkt. 6-6. The time stamps between what Ms. Porter wrote in the conduct report and what was in the video differ by only a few minutes. It is reasonable to conclude that Ms. Porter estimated the time of the event when she wrote the conduct report and did not take time to review the video prior to issuing the conduct report. Any discrepancy Mr. Perry raises about the time of the incident is without merit. Likewise, the location of the incident occurred at or near Mr. Perry's cell—it is of no consequence that Ms. Porter wrote that she started walking away when he threatened her and the incident

occurred at cellfront. Dkt. 6-1. Ms. Porter's statements within the conduct report are not materially contradictory, nor are the conduct report and video summary materially contradictory of each other to suggest a material and relevant mistake. *See Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000) (the reliability of the evidence at a prison disciplinary hearing may come into play only if there is "some affirmative indication that a mistake may have been made.").

Accordingly, Mr. Perry is not entitled to habeas relief on this ground.

### 2. Impartial Decision-maker

Mr. Perry alleges that the DHO assumed that the video of Ms. Porter putting up her hand meant that she was saying "stop," but the video does not contain audio to confirm this. Dkt. 1 at 3. Mr. Perry contends that it is "impossible to say that [Ms. Porter's] body language meant this" or that he was threatening her. *Id.* He argues he could have been standing in his cell or lying down and she just "put on a show for the camera." *Id.* Based on these allegations, Mr. Perry states the DHO was not an impartial decision-maker.

"A 'sufficiently impartial' decision-maker is . . . necessary, in order to shield the prisoner from the arbitrary deprivation of his liberties." *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Moreover, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed on the prison staff. *Piggie*, 342 F.3d at 666. The presumption is overcome—and an inmate's right to an impartial decision-maker is breached—in

5

rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Perry has not presented evidence to overcome this presumption based upon his allegations regarding the DHO's interpretation of the video evidence. Mr. Perry has not shown that the DHO was directly or substantially involved in the factual events underlying his disciplinary charge or the investigation of it.

Rather, Mr. Perry contests the outcome of the DHO's decision and asks the Court to interpret the evidence differently. However, the Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb*, 224 F.3d at 652).

Accordingly, Mr. Perry is not entitled to habeas relief on this ground.

### 3. Policy and State Law Claims

Mr. Perry's arguments regarding his placement in administrative segregation prior to his hearing is not a ground for habeas relief. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus

review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Accordingly, Mr. Perry is not entitled to habeas relief on this ground.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Perry to the relief he seeks. Accordingly, Mr. Perry's petition for a writ of habeas corpus must be **denied** and the **action dismissed.** Mr. Perry's pending motion to supplement reply, dkt. [19], is **granted to the extent** that the Court considered this filing in conjunction with the remainder of the record and now denies Mr. Perry's habeas petition.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 7/21/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON PERRY
138925
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov

7